UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60590-CIV-BLOOM/VALLE

**BRICE BROWN**, and **SHELBY BROWN**,

      Plaintiffs,

v.

**CAPITAL ONE BANK (USA), N.A.**,

      Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss, ECF No. [23] (the "Motion"), Plaintiffs' Amended Complaint, ECF No. [20] (the "Amended Complaint" or "Am. Compl."). The Court has carefully reviewed the Motion, including the parties' briefs, the record, and the applicable law. For the following reasons, the Motion to Dismiss is GRANTED.

**I.**    **Background**

Plaintiffs filed the instant action on February 24, 2015, alleging that "defendant's practice of charging interest on fraudulent charges that are ultimately removed from the account and then causing additional charges that result from the confusion generated by this practice is intentional and designed to profit the defendant." Am. Compl. ¶ 11. Count I seeks damages and attorney's fees for breach of contract and breach of the implied covenant of good faith and fair dealing. Count II seeks equitable relief by way of an accounting. Count III seeks damages under the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq.* ("FCBA"). The Court dismissed Plaintiffs' original complaint on June 19, 2015, for failure to state a claim, granting Plaintiffs leave to amend. *See* ECF No. [14] ("Order Granting Motion to Dismiss"). Plaintiffs filed their Amended Complaint

on July 13, 2015. Defendants filed their Motion on July 30, 2015. *See* Motion. Plaintiffs' Response in Opposition to Defendant's Motion fails to cite *even one* case in support of their arguments. *See* ECF No. [26] ("Plaintiffs' Response" or "Pl. Resp.").

Plaintiffs, holders and users of a credit card issued by Defendant, allege that on or about January 2011, fraudulent charges appeared on their credit card statement. Plaintiffs allege that soon after discovering the fraudulent charges, they contacted Defendant via telephone and the charges were removed, but that Plaintiffs were still being charged interest on the removed fraudulent charges. *Id.* ¶ 5. Plaintiffs allege that they "again contacted the defendant in an attempt to clear the account of the interest charges," and despite being "assured everything would be adjusted," the matter was not fully resolved. *Id.* ¶ 6. Specifically, Plaintiffs allege that while they "received some credits on the account, . . . not all of the interest charges were ever able to be properly credited." *Id.* Plaintiffs also assert that Defendant's representatives added to the overall confusion, including late payments and interest charges, by advising Plaintiffs to "only pay certain amounts, namely the balance after deducting the fraudulent charges" and "to wait on making payments entirely until the fraudulent charges and interest was cleared up." *Id.*

Plaintiffs assert that "[f]rom 2011 to the present, the plaintiffs have experienced five separate incidents involving multiple fraudulent charges" and that each instance of fraud resulted in a new card being issued and confusion regarding how much is "owed on the account or the timeframe for payment." *Id.* ¶ 8. Plaintiffs maintain that in each instance of fraud they were assured that "the account would be cleared of all improper interest and other charges." *Id.*

Plaintiffs have provided exhibits with the complaint, which demonstrate that, in addition to their alleged telephone calls to Defendant, Plaintiffs sent letters on November 19, 2011, September 26, 2012, June 4, 2013, and November 10, 2014, in an attempt to resolve the issues

with the account stemming from January 2011. *See* ECF No. [20-1]. Plaintiffs allege that Defendant sent one letter to Plaintiffs on June 26, 2013, but that this letter only addressed some, but not all of the account's inaccuracies. *See* ECF No. [20-2].

**II.    Legal Standard**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F. 3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." ); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts

contained in the complaint and attached exhibits, but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F. 3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F. 3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F. 3d 1125, 1135 (11th Cir. 2002)). Although the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F. 3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**III.    Discussion**

Defendant raises several arguments in support of dismissing Plaintiffs' Complaint. Addressing Count I, Defendant argues that Plaintiffs fail to state a claim for breach of contract because (a) they do not allege what provision of the contract was breached and (b) they fail to allege damages. Motion at 2-3. Additionally, Defendant argues that "there can be no claim for breach of an implied covenant of good faith and fair dealing" where "Plaintiffs have not stated a claim for breach of contract." *Id.* at 6. Addressing Count II, Defendant argues that Plaintiffs have failed to state a claim for an accounting because (a) they have not alleged the existence of a fiduciary relationship between the parties, (b) they have not shown that such transactions are "of sufficient complexity as to require an accounting," and (c) they "do not sufficiently allege there is no adequate remedy at law." *Id.* at 8-10. Addressing Count III, Defendant argues that

Plaintiffs' FCBA claims must fail because (a) Plaintiffs' "have not alleged sufficient facts to state a claim for violation" of the FCBA and (b) Plaintiffs' claims are barred by the FCBA's applicable one-year statute of limitations. *Id.* at 10-14.

### 1. Whether Plaintiffs' Complaint states a claim for breach of contract

"In general, if it considers materials outside of the complaint, a district court must convert the motion to dismiss into a summary judgment motion." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(b)). However, as Defendant points out, there is an exception to this general rule. "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, *and* (2) its authenticity is not challenged." *Id.* (citing *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005) (emphasis added); *see also Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F. 3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."). Defendant cites to one inapposite case in which a district court considered a contract in its analysis because the plaintiff did not dispute the authenticity of the contract and it was central to its claim. *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1338 (S.D. Fla. 2012). Here, Plaintiffs clearly question the contract's authenticity. *See* Pl. Resp. at 2-3. Thus, the Court is precluded from considering the contract in its analysis.

Nevertheless, Plaintiffs must allege the following elements to state a claim for breach of contract: "(1) a valid contract; (2) a material breach; and (3) damages." *Int'l Star Registry of Illinois v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007) (citing *Abbott Lab., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th Cir. 2000)). "In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of

Civil Procedure, the plaintiff must allege which provision of the contract has been breached." *Pierce v. State Farm Mut. Auto Ins. Co.*, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 14, 2014) (citing supporting cases); *see Anderson v. Branch Banking and Trust Co.*, 56 F. Supp. 3d 1345, 1353 (S.D. Fla. 2014); *Compel v. CitiMortgage, Inc.*, 2005 WL 4904816, at *2 (E.D. Va. Feb. 23, 2005) (stating that, in order to state a claim in a breach of contract case, the plaintiff "must identify which provisions imposed the purportedly breached obligation").

Although Plaintiffs allege the existence of written contract, *see* Am. Compl. ¶ 14, they fail to identify the specific provision(s) of the contract Capital One allegedly breached, *see generally* Am. Compl. For this reason alone, their breach of contract claim must fail. *See, e.g., George v. Wells Fargo Bank, N.A.*, 2014 WL 61487, at *4 (S.D. Fla. Jan. 8, 2014) ("The Amended Complaint does not identify which provision of the [contract] has been breached and therefore runs afoul of Twombly."); *Gentry v. Harborage Cottages-Stuart, LLP*, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008) ("Where the facts pleaded are insufficient to determine which of the provisions may have been breached, the claim cannot survive a motion to dismiss."); *see also Whitney Nat. Bank v. SDC Cmtys., Inc.*, 2010 WL 1270264, at *3 (M.D. Fla. Apr. 1, 2010) ("Plaintiff falls to allege the specific provision of the contract allegedly breached. These counts are examples of "the-defendant-unlawfully-harmed-me accusation" that *Iqbal* warned against.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, the Court need not examine whether Plaintiffs have properly plead damages.

Under Florida law, every contract contains an implied covenant of good faith and fair dealing that protects "the reasonable expectations of the contracting parties in light of their express agreement." *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 548 (Fla. 2012) (quoting *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1438 (S.D. Fla.

1996)); *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F. 3d 1146, 1151 (11th Cir. 2005). The covenant is implied as a gap-filling default rule where the terms of the contract vest a party with substantial discretion, requiring that party to act in a commercially reasonable manner and limiting its ability to act capriciously to contravene the reasonable expectations of the contract counterparty. *See Karp v. Bank of Am., N.A.*, 2013 WL 1121256, at *3 (M.D. Fla. Mar. 18, 2013); *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1225 (S.D. Fla. 2013).

"A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation." *Centurion*, 420 F.3d at 1151. The implied duty of good faith must therefore "relate to the performance of an express term of the contract . . . [and] cannot be used to vary the terms of an express contract." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1316 (11th Cir. 1999) (quoting *Hospital Corp. of America v. Florida Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998) and *City of Riviera Beach v. John's Towing*, 691 So. 2d 519, 521 (Fla. 4th DCA 1997)).

Further, the covenant cannot "add an obligation to the contract which was not negotiated by the parties and not in the contract." *Hosp. Corp. of Am. v. Florida Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998). As such, "there are two limitations on such claims: (1) where application of the covenant would contravene the express terms of the agreement; and (2) where there is no accompanying action for breach of an express term of the agreement." *QBE*, 94 So. 3d at 548 (citing *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So.2d 1232, 1234 (Fla. 4th DCA 2001)). The Court's dismissal of Plaintiffs' breach of contract claims against Defendant undermines Plaintiffs' ability to state a claim for breach of implied good faith. *See Deguitis v. Financial Freedom, LLC*, 978 F. Supp. 2d 1243, 1264 (M.D. Fla. 2013) ("Plaintiff

has failed to state a claim that Defendants breached a term of the mortgage contract.  Thus, his breach of implied covenant of good faith and fair dealing also fails.").  Certainly, the implied covenant of good faith and fair dealing cannot impose a requirement where none exists.  Accordingly, Plaintiffs claims for breach of contract and breach of the implied covenant of good faith and fair dealing must be dismissed.

### 2. Whether Plaintiffs state a claim for an accounting

"Under Florida law, the plaintiff seeking an equitable accounting must show that the parties share a fiduciary relationship or that the questioned transactions are complex, *and* that a remedy at law is inadequate."  *PC Cellular, Inc. v. Sprint Solutions, Inc.*, 2014 WL 5772134, at *4 (N.D. Fla. Nov. 5, 2014) (emphasis added) (citing *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1071 (11th Cir. 2007)).

In the Amended Complaint, Plaintiffs make no allegation that a fiduciary relationship exists between Plaintiffs and Capital One.  *See Jaffe v. Bank of America*, 667 F. Supp. 2d 1299, 1319 (S.D. Fla. 2009) ("Plaintiffs have not established that BoA had a fiduciary duty to Mr. Jaffe.  The relationship between Mr. Jaffe and BoA was nothing more than lender-borrower, which is nothing more than the product of an arms-length transaction, not a fiduciary relationship."); *Lanz v. Resolution Trust Corp.*, 764 F. Supp. 176, 179 (S.D. Fla. 1991) (holding that bank did not owe customer fiduciary duty).  Accordingly, Plaintiffs have not established fiduciary duty exists that could give rise to a duty to perform an accounting.

Additionally, the transactions that Plaintiffs challenge – Capital One's processing of credits and debits on their basic credit card account, and the interest calculated on those balances (Am. Compl. ¶¶ 21-24) – are not of sufficient complexity as to require an accounting.  *See, e.g.*, *Abdo v. Sallie Mae, Inc.*, 2014 WL 3053172, at*2 (M.D. Fla. July 7, 2015) (finding the

plaintiff's dispute regarding the calculation of his loan balance was not sufficiently complex as to require an accounting); *Menashi v. American Home Mortg. Servicing, Inc.*, 2011 WL 4599816, at * 3 (M.D. Fla. Oct. 4, 2011) ("Menashi challenges only a transfer of fifteen months' worth of monthly HAMP modified mortgage payments from Menashi's mortgage payment history to an "un-applied funds" account. The transaction is insufficiently complex to require the exceptional remedy of an equitable accounting."); *Phillips v. Ocwen Loan Servicing, LLC*, 2013 WL 4854760, at *6 (N.D. Ga. Sept. 11, 2013) (dismissing plaintiff's equitable account claim where he alleged "OLS incorrectly calculated amounts due under the terms of Plaintiff's loan and misapplied his mortgage payments, resulting in an allegedly incorrect determination that Plaintiff had defaulted on his loan obligations.").

Furthermore "[i]t is well settled under Florida law [] that an action or an accounting will not stand where plaintiff has not alleged the inadequacy of the remedy at law." *Nautica Intern., Inc. v. Intermarine USA, L.P.*, 5 F. Supp. 2d 1333, 1334 (S.D. Fla. 1998). Although Plaintiffs assert that they do not have an adequate remedy at law, the Amended Complaint asserts two additional claims at law arising from the same transactions: (1) breach of contract; and (2) violation of the FCBA. Thus, by Plaintiffs' own allegations, other remedies at law are available. Accordingly, Plaintiffs' claim for an accounting must be dismissed. *See PC Cellular*, 2014 WL 5772134, at *4 ("[Plaintiff] has not pled sufficient facts to show that the transactions are so complex as to warrant an equitable accounting, and has not adequately described what each defendant might owe him to justify an accounting. Furthermore, he has failed to demonstrate why a remedy at law is inadequate, as he appears to be alleging little more than settling debts owed to him under contracts.").

### 3. Whether Plaintiffs have stated claims under the FCBA

15 U.S.C. § 1666b of the FCBA, which provides:

(a) Time to Make Payments

A creditor may not treat a payment on a credit card account under an open end consumer credit plan as late for any purpose, unless the creditor has adopted reasonable procedures designed to ensure that each periodic statement including the information required by section 1637(b) of this title is mailed or delivered to the consumer not later than 21 days before the payment due date.

(b) Grace Period

If an open end consumer credit plan provides a time period within which an obligor may repay any portion of the credit extended without incurring an additional finance charge, such additional finance charge may not be imposed with respect to such portion of the credit extended for the billing cycle of which such period is a part, unless a statement which includes the amount upon which the finance charge for the period is based was mailed or delivered to the consumer not later than 21 days before the date specified in the statement by which payment must be made in order to avoid imposition of that finance charge.

15 U.S.C. § 1666b.[1]

It is well established that in order to state a claim under 15 U.S.C. § 1666b, a "plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of Section 1666." *Rigby v. FIA Card Services, N.A.*, 490 F. App'x 230, 235 (11th Cir. 2012) (citing 15 U.S.C. § 1666(b)); *Cunningham v. Bank One*, 487 F. Supp. 2d 1189, 1191-92 (W.D. Wash. 2007); *Beaumont v. Citibank (South Dakota) N.A. and Chase Bank,* 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002). Without timely notification, a creditor "has no duty to acknowledge or investigate alleged billing errors" under 15 U.S.C. § 1666b. *See Cunningham*, 487 F. Supp. 2d at

---

[1] Although some confusion exists between the parties as to whether Plaintiffs' allege a claim under § 1666(a), Plaintiffs concede in their response that the claims in the Amended Complaint only deal with § 1666(b). Plaintiffs' claims under § 1666(a) in their original complaint were dismissed in the Court's Order Granting Motion to Dismiss. Thus, the Court need not address any claims under § 1666(a), despite Defendant's pleading addressing this section.

1193-94; 15 U.S.C. § 1637(b) (setting forth requirements in evaluating written statements from creditors, which are only reached after a claim is established under § 1666).

Defendant argues that Plaintiffs' FCBA claims must be dismissed because they (1) have failed to allege facts sufficient to state a claim for violation of 15 U.S.C. § 1666b and (2) are time-barred by the FCBA one-year statute of limitations.  As to § 1666b(a), "Plaintiffs are not saying that no statements were provided.  They are saying those statements were wrong, and therefore not compliant with Federal law.  This is proven beyond doubt by the Defendants own letter conceding and admitting to errors in the billing." Pl. Resp. at 7-8.  To support their § 1666b(b) claim, Plaintiffs allege "that the grace period was not extended as it should have been after being told on the telephone by Defendant's representatives to hold off payments." *Id.* at 8.

However, Defendant is correct. As to both allegations, Plaintiffs miss the point.  A claim as to procedural deficiencies under § 1666b is a necessary pre-condition to reaching substantive allegations under § 1637(b).  Even if Plaintiffs' allegations are true, they are deficient.  Failing to provide information is not the same as failing to have reasonable policies and procedures to ensure such information is provided.  Plaintiffs concede they received statements and do not allege statements were received less than 21 days before the date specified for payment to avoid finance charges.  They also do not allege that any grace period was extended – they simply state that it should have been.  The plain language of § 1666b simply does not support a claim for disagreement with the calculation included on statements or failure to extend a grace period.  Tellingly, Plaintiffs fail to cite any case law supporting their position.  For these reasons, Plaintiffs' allegations pursuant to § 1666b must be dismissed.  Because the Court has determined that Plaintiffs have failed to state a claim under the FCBA, the Court need not address whether Plaintiffs' FCBA claims are time-barred.

IV. **Conclusion**

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [23]**, is **GRANTED**.

2. Plaintiffs' Amended Complaint, **ECF No. [20]**, is **DISMISSED**.

3. Plaintiffs shall file a second amended complaint **on or before October 2, 2015**. If Plaintiffs fail to file an amended complaint by this date, the Court will dismiss this case without prejudice. The Court cautions Plaintiffs to use this amendment wisely. *Anderson v. Vanguard Car Rental USA, Inc.*, 304 F. App'x 830, 832 (11th Cir. 2008) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)) (dismissing complaint with prejudice where there has been a "repeated failure to cure deficiencies by amendments previously allowed," or "where amendment would be futile"); *see also Raymond Akiki, et al v. Bank of America, N.A., et al*, No. 14-15297 (11th Cir. Sept. 22, 2015).

**DONE AND ORDERED** in Miami, Florida, this 22nd day of September, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

CC: Counsel of record